IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

JASON McWILLIAMS §

v. § CIVIL ACTION NO. 5:08cv88

WARDEN McCORMICK, ET AL. §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jason McWilliams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McWilliams complained that the named Defendants in his lawsuit, officials at the Bowie County Jail, were preventing him from bringing criminal charges against a person named Elvin Hickman, a court bailiff in Bowie County. After review of the pleadings, the Magistrate Judge issued a Report on June 19, 2008, recommending that the lawsuit be dismissed as frivolous. The Magistrate Judge observed that there was no constitutional right to have another person criminally prosecuted, even when the person seeking the prosecution was the victim of a criminal offense committed by the other. Consequently, to the extent that McWilliams complained that he was denied access to court because he was unable to bring criminal charges, the Magistrate Judge reasoned that he had not shown actual harm, as is required for claims of denial of access to court. Lewis v. Casey, 116 S.Ct. 2174, 2179-91 (1996). Finally, the Magistrate Judge observed that although McWilliams complained that he was unable to bring charges against Hickman, the District Attorney of Bowie County had been quoted in the media as saying that Hickman could be indicted if the grand jury

1

found enough evidence.  Thus, the Magistrate Judge said, even if McWilliams himself was prevented from seeking the institution of criminal charges, these charges nonetheless had been presented to the Bowie County grand jury.

McWilliams received a copy of the Magistrate Judge's Report on June 24, 2008, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge.  Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 21st day of July, 2008.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE